BAKER & STRATTON v. L. & N. RAILROAD COMPANY.

RAILROADS. *Live stock.* Railroads are not bound as common carriers of live stock and only relieved of liability by the act of God or the public enemy. As carriers of live stock they are bound to use due and proper care, and deliver in reasonable time.

---

FROM SUMNER.

---

Appeal in error from the Circuit Court of Sumner county.    Jo. C. GUILD, J.

HEAD BROS. for Baker & Stratton.

J. J. TURNER for Railroad Company.

DEADERICK, C. J., delivered the opinion of the court.

The plaintiffs in error brought suit against defendant to recover damages for failure to deliver in proper time at Memphis, a car-load of sheep, shipped by them from Gallatin.

One of the firm testifies that they had been in the habit of shipping stock to Memphis, and that on the 23d of May, 1872, they took a lot of sheep, near two hundred, to Gallatin, in time to have shipped them that evening, and proposed to the agent at Gallatin to ship the same evening to Memphis; that witness told the agent his object was to get to Memphis on the

evening of the 25th, so as to avail himself of next day's (Sunday's) market. When preparing to load that evening, witness states Barth, the agent, told us not to ship that evening, but next morning at 9.15, and we would go straight through, arriving in Memphis Saturday evening. Upon this advice and assurance that we would make better time· and have no delay, by leaving on the morning of the 24th instead of the evening of the 23d of May, the witness says they drove their stock out of town and returned and loaded it on the train next morning at 9.15. He says Barth told him that they would make connection at Bowling Green, on the evening of that day (24th) with freight train No. 7, and also connect at Paris, and not be delayed on the road. The witness found, on arriving at Bowling Green, that train No. 7 had been discontinued for a week, and that he could not leave that place until the next morning, and he arrived at Memphis Sunday evening, too late for the market of that day—they sold their sheep next day for $1.25 on the one hundred· pounds less than they could have sold them for on Sunday, the day before. The stock was damaged to the extent of five or six pounds per head by the delay and shrinkage in weight.

From this witnesses' testimony it seems that his object was to arrive in Memphis Saturday night, and sell his stock on Sunday morning, which for some reason, he says, is usually the best day in the week as to prices. This is about the case as insisted on by plaintiffs.

There was evidence showing that Barth did not

know that No. 7 would not go out of Bowling Green, as stated by him, and that at that point the railroad agent had the sheep turned into a lot, and watered and fed and shipped off next morning after their arrival, upon the first freight train.

The jury returned a verdict in favor of plaintiffs for $25, and they appealed in error to this court, and insist that the charge of his Honor, the circuit judge, was erroneous, and that they are entitled to larger damages than the jury awarded them.

His Honor charged the jury, if the defendant contracted to deliver the sheep in Memphis at a particular time, they were bound to do so, and on failure would be answerable in damages. The court further charged, if Barth, the agent of defendant, advised plaintiffs that they had better lay over 'till next morning, believing at the time they would connect with a train (No. 7) for Memphis, and plaintiffs and he were both ignorant of the fact that that train would not be run next day, this would not amount to a contract for the delivery of the sheep at Memphis on the 25th of May; that defendant was bound to use due and proper diligence, and to deliver the stock in a reasonable time.

His Honor also charged the jury that the market on Sunday for the sale of cattle and sheep, is unlawful, and that defendant was not liable "to pay for any speculative price that plaintiffs' sheep would have brought on Sunday."

This was the substance of the charge, with the addition that the plaintiffs ought to have held their

sheep over to Thursday, a market day, and then sold them, and look to defendant for any difference in price between that day and the time he should have arrived, and for the keep and loss of weight by the delay.

The plaintiffs asked several instructions to the jury, which the court refused to give.

The first instruction as to the furnishing of the transportation and delivery in reasonable time, was given in the charge. It was, therefore, no error to refuse to repeat the instructions.

The plaintiffs next requested that the court should say that the defendants were common carriers, if the proof showed they transported goods, stock and produce for hire and compensation.

His Honor had instructed that the defendants, in transportation of live stock, were not bound, as common carriers, and only relieved by the act of God or the public enemy—adding, they are common carriers as to passengers and goods, and as to live stock liable to die, etc., they are bound to use due and proper care and deliver in reasonable time. This suit is brought for delay in delivering the stock, and his Honor says in such case, in substance, that the defendant is not necessarily liable for delay in delivery, unless prevented by the act of God or by the public enemy. And this is in accord with the holding in 1 Cold., 271 and 6 Heis., 273-4.

Next, the court was requested to say that the change of schedule should be made known to the agents and the public. This was said in the charge as given.

The court was also requested to say that defendants were bound to furnish suitable and sufficient transportation, and that defendant is bound by the contracts made with plaintiffs by their agent, and are liable for breach of the same. Both these propositions were charged in substance and effect.

Instructions were also asked to the effect that the measure of damages in this case was, the injury to the stock, and the difference between the price realized and that at which they could have sold on Sunday morning.

We do not think that there was any error in refusing this instruction. Such, perhaps, as to the sale, if it had been shown to be the market value, would have been the rule, and if there had been a contract to deliver by a specified time, or if there had been unreasonable delay.

Lastly, the court was asked to say that a contract entered into Sunday, but not to be executed until Monday, was not illegal. It seems to have been so held by this court, 6 Lea, 288.

But the circuit judge had charged, that the facts detailed did not constitute a contract; there was, therefore, no contract to deliver the sheep on Saturday evening at Memphis, and the refusal of the court to charge as requested, did not prejudice the plaintiffs. The defendant was only bound to deliver within a reasonable time, and there is no error for which the judgment should be reversed and it will be affirmed.